FREDERICK FEHN AND LAWRENCE RYDER, Jr., PROSE-CUTORS, v. WILLIAM F. KEARNEY, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF ORANGE, RESPOND-ENT.

Submitted October term, 1925—Decided March 5, 1926.

**Public Officers—Policeman—Convicted on Charges of Conduct Unbecoming an Officer, of Conduct Subversive of the Good Order and Discipline of the Police Force and of Failure to Properly Patrol Their Posts—Proven That They Illegally Entered a Club Room Without Warrant and Took Without Authority Ice Cream—Dismissal Sustained.**

On *certiorari.*

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutors, *John W. McGeehan, Jr.*

For the respondent, *William A. Calhoun.*

PER CURIAM.

Frederick Fehn and Lawrence Ryder, Jr., were police officers of the city of Orange, with the rank of patrolman, and subject to the rules of discipline of the department of police. In these rules it was provided that—

"Any officer or member of the force shall be subject to reprimand, suspension or deduction of pay or dismissal, according to the nature and aggravation of his offense, for any of the following causes:

15. Conduct not becoming an officer and a gentleman.

17. Conduct subversive to the good order and discipline of the force.

18. Not properly patrolling post.

On April 28th, 1924, the prosecutors, Fehn and Ryder, were served with copies of charges preferred by the chief of police, as follows:

1. Conduct not becoming an officer and a gentleman, in that they, while on duty on March 28th, 1924, entered the kitchen of Union Lodge, No. 11, F. & A. M., located on Main street, in said city of Orange, without a search warrant, and without being requested so to do.

2. Conduct subversive of the good order and discipline of the police force in having entered the aforesaid kitchen at the time and place aforesaid.

3. In not properly patrolling their respective posts on March 28th, 1924.

On May 7th, 1924, the prosecutors entered pleas of not guilty to the charges before the respondent, William F. Kearney, director of public safety, and were placed on trial, found guilty on all charges, and dismissed from the police force.

The present writ was allowed to review these convictions and dismissals.

The evidence taken at the trial is printed in full in the return to the writ, and from this evidence it appears that Union Lodge, No. 11, F. & A. M., had its club room and kitchen on the fourth floor of a building located on Main

street, in the city of Orange; that on various occasions ice cream, which had been left in the kitchen, had been missing, and on the night of March 27th, 1924, a number of its members set a watch to discover the cause of its disappearance. The light in the kitchen had been extinguished, the curtains left up, the door locked and the key placed on the club room table by the custodian of the building. About one o'clock in the morning the prosecutors entered the kitchen by their own key, placed some of their equipment on the table, and were in the act of removing the ice from one of the cans, having first pulled down the curtains of the windows and turned on the lights, when they were confronted by the watchers.

The reasons for setting aside the findings and conclusions of the respondents all rest upon the claim that they were not justified by the evidence.

Technically, the men were guilty of a misdemeanor in entering the kitchen for the purpose (as it is quite apparent) of helping themselves to ice cream, and in doing what they did offended against the police regulations in all the particulars charged against them. While supposed to be patrolling their beats, they entered the kitchen without warrant and for an unlawful purpose. This was surely conduct unbecoming an officer and gentleman, and subversive of the good order and discipline of the force.

The action of the respondent in dismissing the prosecutors will be affirmed.